**Tony JOHNSON, Plaintiff,**

v.

**Orbie CRAFT, Nancy Isonhood, Wilbert Robinson, W.S. (Bill) Shanks, Susan McCarty, Tim Hutson, Dolan Self, Jr., Defendants.**

**Civ. A. No. J87–0392(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 23, 1987.

Tony Johnson, pro se.

Rebecca B. Cowan and C.R. Montgomery, Montgomery, Smith–Vaniz & McGraw, Canton, Miss., for defendants.

### MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause is before the court on motions to dismiss of defendants Nancy Isonhood, Wilbert Robinson, W.S. (Bill) Shanks, Dolan Self, Jr. and Susan McCarty. In his complaint, filed pursuant to 42 U.S.C. § 1983, plaintiff Tony Johnson alleges that these defendants, who are, respectively, justice court judges, a prosecutor and the clerk of the justice court in Madison County, Mississippi, conspired to prevent the prosecution of Hardy C. Jones and L.C. Jones for the assault and attempted murder of Johnson. He also claims that Isonhood, McCarty and Shanks caused him to be unlawfully arrested and jailed without hearing or trial. The court has reviewed the motions, along with the memoranda submitted by the parties.

These defendants initially moved to dismiss based upon the one-year statute of limitations codified at Miss.Code Ann. § 15–1–35 and held applicable to section 1983 actions in *Gates v. Spinks*, 771 F.2d 916, 919–20 (5th Cir.1985), *cert. denied* —— U.S. ——, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986). The last date of wrongful conduct alleged in the complaint was February 6, 1986 and the complaint was filed June 9, 1987. Johnson, in response to the motion of Isonhood, Robinson, Shanks and McCarty, seeks leave to amend his complaint to allege that Isonhood, McCarty, Robinson and Self perjured themselves before a grand jury on August 6, 1986. In their rebuttal brief, defendants argue that the complaint fails to state a claim upon which relief can be granted.

To state a cause of action under section 1983, the plaintiff must prove that (1) the defendants deprived him of a right secured by the Constitution and laws of the United States and (2) that defendants in doing so acted under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). In analyzing the first element, the Supreme Court has stated that section 1983

is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by ... the United States Constitution and federal statutes[.]

*Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 2695 n. 3, 61 L.Ed.2d 433 (1979). All the defendants were state officials who acted under color of state law; therefore, to state a claim Johnson must show violation of a federal right.

In his complaint, Johnson charges that defendants' conspiracy to cover up the attempt on his life deprived him of his rights to due process and equal protection in "violation of the eighth amendment." In *Ryland v. Shapiro*, 708 F.2d 967 (5th Cir. 1983), the plaintiffs' daughter was allegedly murdered by a prosecutor, and the decedent's parents filed suit under section 1983 alleging that the defendants, various law enforcement officials, conspired to conceal the identity of the murderer and prevent a full investigation. The district court dismissed the complaint for failing to state a claim on the basis that it only alleged a failure to enforce the criminal laws of the

state. *Id.* at 970. The Fifth Circuit reversed the district court, not because an allegation of failure to prosecute stated a cause of action under section 1983, but because the delay in prosecuting the murder prejudiced the plaintiffs' right of access to the courts, specifically the right to bring a wrongful death action. *Id.* at 972–73. Thus, the Fifth Circuit implied that there was no cause of action for failure to prosecute under section 1983; there was only a cognizable claim where the plaintiffs could show that *as a result* of the failure to prosecute they were denied a right of access for a private civil action in state court.[1]

■ Johnson has not directed the court's attention to, and the court has been unable after diligent search to locate, any case holding that a cause of action under section 1983 may be asserted for failure to prosecute a crime where the civil rights complainant alleges that he was the victim. The decision to prosecute a particular crime is within the authority of the state and there appears to be no federal constitutional right to have criminal wrongdoers brought to justice. *See Sellner v. Panagoulis*, 565 F.Supp. 238, 250 (D.Md.1982). The court concludes that Johnson's allegations against Isonhood, Robinson, Shanks, McCarty and Self concerning their alleged conspiracy to prevent prosecution of Hardy C. Jones and L.C. Jones fail to state a claim under section 1983.

■ Johnson also alleges that McCarty, Shanks and Isonhood caused him to be unlawfully arrested and jailed without a hearing or trial. The allegations against Isonhood and Robinson necessarily involve their performance of official duties as justice court judges. Because these acts were performed in their judicial capacities, they are immune from liability under section 1983. *Stump v. Sparkman*, 435 U.S. 349, 357–58, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 554–55, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). Similarly, since court clerks are immune from liability when performing official acts, McCarty cannot be liable. *Slotnick v. Staviskey*, 560 F.2d 31, 32 (1st Cir.1977); *Waits v. McGowan*, 516 F.2d 203, 206 (3rd Cir.1975). Therefore, Isonhood, Robinson and McCarty are immune from liability under section 1983 for the arrest and incarceration of Johnson.[2]

■ Johnson has requested leave to amend his complaint to supply the allegations concerning the perjured testimony given on August 6, 1986. The trial court has discretion to grant or deny motions to amend pleadings. Fed.R.Civ.P. 15(a). "In exercising its discretion, the trial court may consider such factors as undue delay, prejudice to the opposing parties and futility of the proposed amendment." *Cranberg v. Consumers Union of U.S., Inc.*, 756 F.2d 382, 392 (5th Cir.1985) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). Plaintiff's complaint fails to state a claim and amendment to bring the complaint within the statute of limitations would be futile. Therefore, the court declines to grant plaintiff leave to amend his complaint.[3]

---

1. *See also Wilson v. Colonial Penn. Life Ins. Co.*, 454 F.Supp. 1208, 1211 (D.Minn.1978) (no reported case or treatise recognizes a cause of action in tort called interference with legal process). *Cf. Harberson v. Hilton Hotels Corp.*, 616 F.Supp. 864, 866 (D.Colo.1985) (federal obstruction of justice statute does not create a private cause of action).

2. However, judicial immunity does not protect the judges from plaintiff's claim for failure to prosecute because the complaint charges that they perjured themselves as witnesses before the grand jury, an act which is beyond the scope of their judicial role. *See Wheeler v. Cosden Oil & Chem. Co.*, 734 F.2d 254, 257 (5th Cir.1984). Nor are any of the defendants entitled to immunity as witnesses as the Supreme Court has not decided whether witness immunity extends to probable cause hearings. *See Briscoe v. LaHue*, 460 U.S. 325, 329 n. 5, 103 S.Ct. 1108, 1112 n. 5, 75 L.Ed.2d 96 (1983); *Wheeler*, 734 F.2d at 261 (refusing to extend witness immunity to probable cause hearing).

3. Plaintiff, although he had already filed one responsive brief, sought additional time to respond to defendants' motions. The court granted this request but instead of filing a response, plaintiff now seeks another extension. In view of this court's ruling that plaintiff's complaint fails to state a claim, an additional brief would not be helpful.

Accordingly, it is ordered that the motions to dismiss of defendants Isonhood, Robinson, Shanks, McCarty and Self are granted.