**Larry J. RIAL, Plaintiff,**

**v.**

**Edward BURMILA, et al., Defendants.**

**No. 92 C 341.**

United States District Court, N.D. Illinois, E.D.

Jan. 27, 1992.

Larry J. Rial, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Larry J. Rial ("Rial") has tendered a self-prepared Complaint in which he invokes 42 U.S.C. § 1983 ("Section 1983") to seek declaratory, injunctive and monetary relief against prosecuting officials of Will County, Illinois ("County")—its State's Attorney Edward Burmila and one of his assistants, plus the "State's Attorney's Office" (although the latter is of course not a legal entity—instead under Ill. Const. art. 6, § 19 the constitutional office is that of the State's Attorney himself).[1] Rial asks leave

to file his Complaint in forma pauperis and moves for appointment of counsel.

On January 18, 1990 state prison officers transported Rial to the County Courthouse in Joliet, Illinois. Rial got into a scuffle with County deputy sheriffs as he passed through the County Jail on his way back to the prison. That assault is the subject of another Section 1983 suit that Rial has pending before this Court (*Rial v. Nash*, No. 91 C 175 filed Jan. 18, 1991[2]).

But Rial wants more than a recovery of civil damages from the County deputies who allegedly assaulted him—he also wants to have them criminally prosecuted. Toward that end he has written the County State's Attorney two letters in which he requests that criminal charges be pressed against the County deputies involved in the incident. Having received no response to those letters, he now asks in his current pleading (1) for "a permanent injunction forcing the Will County State's Attorney's Office to allow the plaintiff to bring criminal charges against the Will County Deputy Sheriff's that beat him ..." and (2) for a modest award of damages ($5 million in compensatory damages and $5 million in punitive damages against each defendant) for denying him the opportunity to bring criminal charges.

Rial lacks standing to litigate the federal claims that he proffers here.[3] That is the clear teaching of *Linda R.S. v. Richard D.*, 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) and *Leeke v. Timmerman*, 454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981) (per curiam). In *Linda R.S.* the mother of an illegitimate child sought to enjoin the as-

---

1. In addition to targeting the two specific individual defendants, Rial lists a "John Doe" defendant or defendants, whom he describes as "any member of the Will County State's Attorney's Office, and or any Officer/Official of the Illinois Department of Corrections, and or any Officer/Official of the Will County Deputy Sheriff's, and or any other person not refered [sic] to herein that may have committed some act for which the plaintiff is entitled to relief from." Because Rial alleges no misconduct on the part of any such "John Doe," that sweeping description has no legal significance.

2. This Court has, in accordance with its regular practice whenever a pro se prisoner's complaint

surpasses the threshold level of non-"frivolousness" in the legal sense, appointed counsel to represent Rial pro bono publico in that case.

3. Rial asserts claims under the Eighth Amendment's prohibition of cruel and unusual punishment and under the Fourteenth Amendment's Equal Protection Clause. To the extent that his Complaint also cites to provisions of the Illinois Constitution, of course Section 1983 provides no remedy—and any possible application of the supplemental jurisdiction doctrine under 28 U.S.C. § 1367 to encompass those state-law claims vanishes with the failure of the federal claims under Section 1983.

sertedly discriminatory refusal of a local prosecutor to bring misdemeanor charges against her husband for nonsupport under a Texas criminal statute. Her action met with dismissal in the lower court, and that dismissal was upheld by the Supreme Court because (410 U.S. at 619, 93 S.Ct. at 1149 (citations omitted)):

> This Court's prior decisions consistently hold that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution. Although these cases arose in a somewhat different context, they demonstrate that, in American jurisprudence at least, a private citizen lacks the judicially cognizable interest in the prosecution or nonprosecution of another.

That principle has since been held in *Leeke* to apply with equal force to the efforts of inmates to call upon Section 1983 to cause criminal charges to be brought against prison guards who allegedly beat them. As our Court of Appeals has stated succinctly in the context of prosecutorial immunity, "[v]ictims of crime cannot compel prosecution of offenders or collect damages from passive prosecutors" (*Buckley v. Fitzsimmons*, 919 F.2d 1230, 1240 (7th Cir. 1990), *reentered following remand*, 952 F.2d 965 (7th Cir.1992)).

Accordingly this Court finds no arguable legal basis for the Complaint, and it denies Rial's motion for leave to file in forma pauperis (see *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). In accordance with the procedure prescribed by *Smith–Bey v. Hospital Administrator*, 841 F.2d 751, 758 (7th Cir.1988), this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(d) and Rial's motion for appointment of counsel is denied as moot. In addition Rial is informed:

> 1. If he wishes to appeal this order of dismissal, within 30 days after the entry of judgment he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit (see Fed. R.App.P. 4(a)). That Notice of Appeal must be filed with the Clerk of the Court of the United States District Court, 219

South Dearborn Street, 20th Floor, Chicago, Illinois 60604.

> 2. Although this Court of course expresses no substantive views on this subject, Rial should also be aware that if the Court of Appeals were to determine that such an appeal were "frivolous" in the legal sense, that could result in the imposition of sanctions by that Court (see Fed.R.App.P. 38).