**Rodney MARSH, Plaintiff,**

v.

**Kenneth KIRSCHNER, et al., Defendants.**

No. 3:97CV0634(RNC).

United States District Court,
D. Connecticut.

Sept. 30, 1998.

Rodney Jay Marsh, Somers, CT, pro se.

Robert Bishop Fiske, III, Attorney General's Office, Public Safety & Special Revenue, Hartford, CT, for Defendants.

### RULING AND ORDER ON DEFENDANTS' MOTION TO DISMISS

CHATIGNY, District Judge.

Plaintiff, a Connecticut inmate, brings this action *pro se* and *in forma paureria* under 42 U.S.C. § 1983. The defendants have moved to dismiss the complaint on a variety of grounds. Accepting the allegations of the complaint as true, and construing them in a manner most favorable to the *pro se* plaintiff, the complaint fails to state a claim on which relief can be granted. Accordingly, the motion is granted.

In June 1994, plaintiff was injured in an altercation with a corrections officer, Derek Austin. A § 1983 action based on that incident was tried before Judge Eginton and a jury resulting in a defendants, verdict, which was affirmed. *See Marsh v. Meachum*, 111 F.3d 123 (2d Cir.1997). In the instant complaint, plaintiff alleges that Austin should be prosecuted for criminal assault and making a false statement regarding the incident but that a conspiracy between the defendants named in the complaint and unnamed corrections officials has prevented a proper investigation and prosecution.[1] Plaintiff seeks declaratory and injunctive relief requiring defendants to reopen their investigation of the incident and arrest Austin, plus compensatory and punitive damages.

As a threshold matter, this court lacks subject matter jurisdiction over plaintiff's claims for damages against defendants in their official capacities. The Eleventh Amendment bars such suits unless the state has waived its immunity. *See Ford Motor Co. v. Department of the Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945).[2] Morever, "injunctive relief against a state official may be recovered only in an official capacity suit," *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir.: 1991), because "[a] victory in a personal-capacity action is a victory against the individual defendant, rather than against the entity that employs him." *Kentucky v. Graham*, 473 U.S. 159, 167–68, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Section 1983 does permit individuals to seek injunctive relief against state actors in their official capacities, *see Edelman v. Jordan*, 415 U.S. 651, 677, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), and to seek damages against them in their personal capacities. *See Kentucky* 473 U.S. at 167, 105 S.Ct. 3099. The issue presented by defendant's motion is whether

---

1. Plaintiff alleges that defendants Colangelo and Rondinone, both state police officers, were responsible for investigating Austin's assault. He complains that they failed to interview inmates who witnessed the assault and failed to visit or photograph the bloody scene. He also complains that they have lost certain physical evidence gathered on the day of the incident, in particular, three of his teeth and photographs of his injuries. He complains that defendants Forest and Wood have failed to properly investigate whether Austin gave investigators a false statement concerning the assault and that defendant

Kirshner has failed to take action to prevent or correct the other defendants' alleged wrongdoing.

2. By the same token, the Court may not assume jurisdiction over plaintiff's pendent state law claims for damages; "pendent jurisdiction does not permit such an evasion of the immunity guaranteed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

plaintiff has adequately alleged any such claim.

■ A conspiracy by state actors to deprive an individual of a federally protected right provides a basis for a cause of action under § 1983. However, there is no federal right to have criminal wrongdoers prosecuted. *See Leeke v. Timmerman*, 454 U.S. 83, 87, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981) (per curiam) (inmates who claimed they were needlessly beaten by guards during prison uprising lacked standing to challenge state officials' opposition to application for criminal arrest warrants against guards); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Rial v. Burmila*, 782 F.Supp. 1291 (N.D.Ill.1992) (complaint by inmate for declaratory, injunctive and monetary relief for failure to prosecute guard who allegedly assaulted him dismissed for failure to state a claim on which relief could be granted); *Johnson v. Craft*, 673 F.Supp. 191, 193 (S.D.Miss.1987) (complaint by victim of assault alleging conspiracy to prevent prosecution of perpetrators dismissed). Accordingly, plaintiff's claim that defendants have failed to properly investigate and prosecute Austin does not provide a basis for suing them under § 1983.

■ A conspiracy by state actors to impede an individual's access to courts may provide the basis for a § 1983 claim. *See Gonsalves v. New Bedford*, 939 F.Supp. 921, 925–26 (D.Mass.1996) (citing *Barrett v. United States*, 689 F.2d 324 (2d Cir.1982)); *Love v. Bolinger*, 927 F.Supp. 1131, 1138–39 (S.D.Ind.1996). Defendants' alleged failure to preserve evidence of Austin's assault and plaintiff's injuries might have had an impact on plaintiff's § 1983 case against Austin. However, plaintiff does not allege that defendants intentionally interfered with his right of access to the courts in connection with that case or that their interference deprived him of a recovery he otherwise would have obtained. *See Barrett*, 689 F.2d at 331–32.

Accordingly, his complaint fails to state a claim based on denial of access to the courts.

■ Plaintiff alleges that defendants' conduct caused him to be confined in segregation for 30 days. "A prisoner has a due process right to a hearing before he may be deprived of a liberty interest on the basis of a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir.1997). Assuming plaintiff had a protected liberty interest in not being placed in segregation for 30 days, he has not alleged that he was denied a hearing or that defendants intentionally interfered with the hearing in a manner that rendered the hearing unfair.[3] Accordingly, his conclusory allegation that defendants' conduct caused him to be placed in segregation is insufficient to state a claim for relief.

■ Finally, plaintiff alleges that defendants' conduct allowed Austin and others to continue to violate his rights under the Eighth Amendment. This allegation appears to be predicated on defendants' alleged failure to properly investigate and arrest Austin, which is not actionable. Moreover, plaintiff has failed to allege any facts regarding violations of his eighth amendment rights by Austin or others after the incident of June 1994.

If plaintiff believes he can cure the deficiencies identified in this ruling so as to state a claim for relief that is reasonably based on fact and law, he may file an amended complaint within 30 days of this order. In granting plaintiff leave to file an amended complaint, the court notes that "[a] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir.1993). Accordingly, if plaintiff undertakes to file an amended complaint charging a conspiracy between the defendants named in this action and others to deprive him of a federal right, the amended complaint must be adequately supported by specific allegations.

For the foregoing reasons, defendants' motion to dismiss the complaint (doc. # 16) is

---

**3.** It is unclear whether the legality of plaintiff's confinement in segregation after his altercation with Austin was litigated in his previous § 1983 action.If it was, a claim against these defendants based on plaintiff's confinement in segregation might be barred by collateral estoppel.

granted without prejudice to reopening the case upon the filing of a proper amended complaint within 30 days of the date of this ruling.

So ordered.