**Jose E. GARCIA, Plaintiff,**

v.

**SAINT MARY'S HOSPITAL, Defendant.**

**No. 3:98–CV–00812 WWE.**

United States District Court, D. Connecticut.

March 31, 1999.

Meryl Anne Spat, Waterbury, CT, for Plaintiff.

Loraine M. Cortese–Costa, Margaret M. Sheahan, Durant, Nichols, Houston, Mitchell & Sheahan, Bridgeport, CT, for Defendant.

### RULING ON DEFENDANT'S MOTION TO DISMISS IN PART

EGINTON, Senior District Judge.

### INTRODUCTION

This matter is before the Court on defendant Saint Mary's Hospital's Motion to Dismiss in part Plaintiff's claims, which assert violations of Title VII, 42 U.S.C. Section 1981, Connecticut General Statute Section 46(a) and Connecticut General Statute 46a–60. The Complaint is brought in three counts. Defendant's motion is brought pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

### STATEMENT OF FACTS

The Court sets forth only those facts deemed necessary to an understanding of the issued raised in, and decision rendered on, this Motion. The relevant facts are taken from plaintiff's complaint.

Plaintiff was hired by defendant on or about August 22, 1988 in the position of a security officer. Plaintiff was the sole Hispanic security officer and all of his supervisors were non-Hispanic Caucasians. One of plaintiff's supervisors allegedly would "publicly insult and humiliate plaintiff on a consistent basis."

On or about July 1, 1993, one of his supervisors advised the plaintiff that plaintiff had to perform certain tasks. Plaintiff advised his supervisor that he needing training or guidance in these tasks. The supervisor told plaintiff to cease asking for assistance and training and that he would be demoted if he could not learn the tasks by himself.

One of plaintiff's supervisors instructed another employee to "write up" plaintiff for alleged violations of the attendance policies, inappropriate verbal exchanges and breach of parking lot control duties. This was despite the fact that other officers were being given extensive training at that time, from which plaintiff was excluded. When plaintiff taught himself the proper methodology of his job assignments, he performed all the duties assigned to him in a competent and satisfactory manner.

Despite plaintiff's seniority, the complaint alleges that supervisors discouraged him from applying for promotions, refused to notify the plaintiff of job openings, refused to consider his expression of interest in positions he became aware of and refused to promote him to available openings for which he possessed adequate or superior qualifications.

The complaint does not assert whether plaintiff is still in the employ of defendant, voluntarily left his job, or was terminated from it.

On or about December 28, 1993, plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") alleging discriminatory treatment in violation of Conn.Gen.Stat. Sections 46–60(a)(1) and Section 46(a)58 and Title VII. Plaintiff simultaneously filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). On or about April 30, 1998, plaintiff com-

menced the instant action. As of that date, the CHRO case was still pending and no Right to Sue Letter had been issued by that agency. CHRO did not release jurisdiction over this matter until July 7, 1998, over two months after the instant action was commenced. The acts alleged in the complaint occurred on or before July 1, 1998.

### LEGAL ANALYSIS

■ Under Title VII and 42 U.S.C. Section 1981, in order to satisfy a plaintiff's prima facie case of disparate treatment by failing to promote, a plaintiff must satisfy three elements: (I) the plaintiff must have applied and be qualified for an available position; (ii) the plaintiff's application must have been rejected; and (iii) subsequent to plaintiff's rejection, the employer must either have continued to seek applicants for the position or filled it with a person with the same qualifications as plaintiff. *Patterson v. McLean Credit Union*, 491 U.S. 164, 177, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989); *Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

■ In the instant case, plaintiff alleges that he was not told of new openings, that when he learned of them, he was discouraged from applying, that his supervisors refused to consider his expressions of interest and refused to promote him to available openings for which he possessed adequate or superior qualifications. These facts are sufficient to comprise a prima facie case under Title VII and the cause of action sounding in that statute will not be dismissed.

This is not the end of the inquiry as to the First Cause of Action. The Supreme Court has held that the state statute of limitations for personal injuries claims is most analogous to Section 1981 claims. Connecticut's personal injury statute of limitations is three years. Because it is not possible to determine from the complaint the beginning date of the running of the statute of limitations, plaintiff is ordered to replead the First Cause of Action by or before April 18, 1999 and set forth the date or dates of incidents upon which plaintiff relies in bringing a cause of action under 42 U.S.C. Section 1981.

■ The Second Cause of Action will be dismissed, because Connecticut General Statutes Section 46a–58 does not provide for a private cause of action under such statute. Section 43a–58 claims can only be prosecuted through the CHRO's administrative procedures. *Town of West Hartford v. Operation Rescue*, 726 F.Supp. 371, 380 (D.Conn.1989), *vacated on other grounds*, 915 F.2d 92 (2d Cir.1990). Defendant's Motion to dismiss the Second Cause of Action will be granted.

■ Likewise, plaintiff's Third Cause of Action will also be dismissed. Connecticut General Statutes Section 46a–100 provides, in relevant part:

> Any person who has timely filed a complaint ... alleging a violation of Section 46a–60 and **who has obtained a release** from the Commission in accordance with Section 46a–101, may also bring an action in the Superior Court ...

Connecticut General Statutes Section 46a–101 provides:

> (A) No such action may be brought in accordance with Section 46a–100 unless the complainant has received a release from the Commission in accordance with the provisions of this section.

The present plaintiff did not receive a release, or Right to Sue Letter, prior to commencing this action. Failure to follow administrative procedures in pursuing a claim of discrimination forecloses access to judicial relief because it deprives the trial court of subject matter jurisdiction. *Sullivan v. Bd. of Police Commissioners of City of Waterbury*, 196 Conn. 208, 491 A.2d 1096 (1985). *See also Brewer v. Wilcox Trucking, Inc.*, 1997 WL 688778, 1997 Conn.Super. LEXIS 2877 (1997) (court lacked subject matter jurisdiction inas-

much as plaintiff had failed to exhaust his administrative remedies).

### *CONCLUSION*

Defendant's Motion to Dismiss in Part [Doc. No. 10] is GRANTED IN PART AND DENIED IN PART. The First Cause of Action, brought pursuant to Title VII, will not be dismissed. As to the 42 U.S.C. Section 1981 claim under the First Cause of Action, plaintiff is to replead within the dictates of this opinion on or before April 18, 1999. The Second and Third Causes of Action are dismissed for lack of subject matter jurisdiction.

SO ORDERED.