### Jeanette BURGOS, Plaintiff,

v.

### DEPARTMENT OF CHILDREN & FAMILIES, Barbara May, individually and in her official capacity, Capital Region Educational Council, Polaris Center, John Allison, Jr., Jonathan Fieldman, Jessica Krug, Bill Colton, Barbara Tatro, Debra Anderson, Defendants.

### No. 3:98CV874(WWE).

United States District Court,
D. Connecticut.

Feb. 7, 2000.

Paul Mpande Ngobeni, E. Hartford, CT, for Plaintiff.

Susan T. Pearlman, Attorney General's Office, Michael Peter Mckeon, Sullivan, Schoen, Campane & Connon, Hartford, CT, for Defendants.

### RULING ON DEFENDANTS' MOTION TO DISMISS

EGINTON, Senior District Judge.

Plaintiff, Jeanette Burgos, alleges that she was discriminated against and terminated from her employment as a residential counselor at the Polaris Center due to her learning disability, race, national origin and her exercise of federal and state law rights. Plaintiff asserts her claims against the Capital Region Educational Council ("CREC"), the Polaris Center, the Department of Children and Families ("DCF"), John Allison, Jr., executive director of CREC, Jonathan Fieldman, residential director of CREC, Jessica Krug, residential supervisor of the Polaris Center, Barbara Tatro, general director of the Polaris Center, Debra Anderson, co-general director of the Polaris Center, and Barbara May, a DCF employee.

Now pending before the Court is a motion to dismiss filed by DCF and Barbara May.

### DISCUSSION

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The function of a motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980). In considering a motion to dismiss, a court must presume all factual allegations of the complaint to be true and must draw any reasonable inferences in favor of the non-moving party. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

According to plaintiff's allegations, she was required to take a medication certification examination administered by defendant May at DCF for purposes of being certified to give medicine to clients of the Polaris Center. After she failed the exam three times, plaintiff asked Barbara May that she be allowed to take the exam again with the special accommodation of having the test administered in an oral, untimed form due to her learning disability. Al-

though this accommodation was made, plaintiff still failed the exam and was subsequently fired from her position at the Polaris Center. Plaintiff claims discrimination based on her race and disability due to May's and DCF's failure to make a further accommodation of allowing her to take the oral and untimed exam three times.

### A. *Insufficient Service of Process*

Plaintiff has sued Barbara May in her official and individual capacity. Defendant May argues that the Court should dismiss the complaint against her in her individual capacity due to insufficient service of process. Plaintiff has offered no opposition to this assertion.

■ Defendant May was never served personally or at her abode, which is required by Rule 4(e) of the Federal Rules of Civil Procedure for a defendant sued in her individual capacity from whom a waiver has not been obtained. Service on defendant May through the Attorney General or through DCF is insufficient to subject her to suit in her individual capacity. *Banerjee v. Roberts*, 641 F.Supp. 1093, 1099 (D.Conn.1986). Accordingly, the allegations against defendant May in her individual capacity will be dismissed.

### B. *Fourteenth Amendment Violation*

In count one, plaintiff alleges violation of the Fourteenth Amendment of the United States Constitution, claiming intentional discrimination by DCF based on her race, national origin, disability and her exercise of constitutional rights. Plaintiff requests declaratory, injunctive and monetary relief. Although plaintiff names only DCF as a defendant in this count, the Court assumes, as do the defendants, that this count is also brought against defendant May.

Defendants DCF and May argue that the allegations against them should be dismissed due to the shield of immunity provided by the Eleventh Amendment. Plaintiff's brief counters that claims pursuant to Section 1983 for prospective relief are not barred by the Eleventh Amendment.[1]

■ Pursuant to the Eleventh Amendment, an unconsenting state and its state officials sued in their official capacity are immune from suits for damages brought in federal courts. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). In the absence of consent, a suit in which the State or one of its agencies is named as the defendant is proscribed by the Eleventh Amendment. *See Florida Dept. Of Health and Rehabilitative Services v. Florida Nursing Home Assn.*, 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981)

■ A state may waive its Eleventh Amendment immunity so long as the waiver is unequivocally expressed. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). Additionally, Congress may abrogate the Eleventh Amendment pursuant to Section 5 of the Fourteenth Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). However, Section 1983 does not override Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

■ However, as plaintiff asserts, the Eleventh Amendment does not bar federal courts from granting prospective relief in suits against state officers on the basis of federal claims. *Minotti v. Lensink*, 798 F.2d 607, 609 (2d Cir.1986), *cert. denied*, 482 U.S. 906, 107 S.Ct. 2484, 96 L.Ed.2d 376 (1987). Accordingly, the Court will dismiss plaintiff's claims in count one against defendant DCF. The claim for

---

1. The Court notes that plaintiff has failed to allege her claim pursuant to 42 U.S.C. Section 1983. However, the Court assumes for purposes of this motion that she has brought her allegations pursuant to Section 1983.

monetary relief against May will also be dismissed.

## C. *Title I of the ADA*

In count three, plaintiff alleges that DCF, Polaris, and CREC violated Section I of the ADA. Defendant DCF asserts that the claim against it should be dismissed since it has no employment relationship with the plaintiff.

42 U.S.C. Section 12111 provides a remedy for an employee who is a qualified individual with a disability. Standing to sue under this section of the ADA requires the plaintiff to have a master/servant relationship with the defendant where the plaintiff receives remuneration from the agency for work performed. *O'Connor v. Davis,* 126 F.3d 112, 117 (2d Cir.1997), *cert. denied,* 522 U.S. 1114, 118 S.Ct. 1048, 140 L.Ed.2d 112 (1998). Plaintiff has failed to allege such a relationship with DCF. Therefore, this count is dismissed as to DCF.

## D. *Title III of the ADA*

In count four, plaintiff claims that CREC, Polaris and DCF violated Title III of the ADA, 42 U.S.C. § 12189, due to the alleged failure to accommodate plaintiff in administration of the medication certification exam. Defendants argue for dismissal of the allegations as to DCF because plaintiff never requested further accommodation after she failed the oral and untimed examination. Since plaintiff has posed no opposition to dismissal, count four will be dismissed as to defendant DCF.

## E. *Title II of the ADA*

In count five, plaintiff makes a claim pursuant to Title II of the ADA, 42 U.S.C. § 12132, against CREC, Polaris, and DCF. Defendant DCF argues that this count should also be dismissed for failure to allege that she requested an accommodation to be given the test three times on an oral and untimed basis.

Section 12132 prohibits a public entity from discriminating against a qualified individual with a disability or denying that individual the benefits of its services, programs or activities. In this instance, defendant seeks to impose a standard that has been applied to disability discrimination by employers. *See Cheatwood v. Roanoke Ind.,* 891 F.Supp. 1528, 1538 (N.D.Ala.1995).

In this instance, the Court need not determine whether the law concerning disability discrimination in the employment context pertains to Title II of the ADA. Taking all allegations as true and construing them in favor of the plaintiff, the complaint alleges that she requested an accommodation based on her disability. Count five will not be dismissed against DCF.

## F. *Section 1981*

In count six, plaintiff alleges that the individual defendants, Polaris and CREC violated her rights pursuant to Section 1981 by denying her a job transfer and the right to participate in the activities of CREC and the Polaris Center in violation of Section 1981.

Defendants urge this Court to dismiss this count against May. Defendants assert that the claim is a generalized statement of racial discrimination without legal basis. In her brief, plaintiff fails to oppose defendants' argument.

In enacting Section 1981, Congress acted with the limited intention of barring racial discrimination in the formation and enforcement of legally binding contracts. *Patterson v. McLean Credit Union,* 491 U.S. 164, 176, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). A Section 1981 claim must set forth sufficient detail to evidence discriminatory intent. *Albert v. Carovano,* 851 F.2d 561, 572–3 (2d Cir. 1988). Conclusory assertions that fail to establish facts upon which a Court could find a Section 1981 claim fail to state a claim under Rule 12(b)(6). *Martin v. New York State Department of Mental Hygiene,* 588 F.2d 371, 372 (2d Cir.1978).

In this instance, plaintiff's Section 1981 claim incorporates her allegations

that defendant May discriminated against her by not accommodating her disability in application of the DCF test. However, the complaint does not allege that Ms. May intentionally discriminated against plaintiff based on her race to prevent her from making or enforcing a contract. In light of the plaintiff's failure to oppose defendants' argument, the Section 1981 claim is dismissed as to defendant May.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss will be GRANTED in part and DENIED in part. The allegations against defendant May in her individual capacity are dismissed. Count one is dismissed as to DCF. The allegations in count one for monetary relief against May are dismissed. Count three is dismissed as to DCF. Count four is dismissed as to DCF. Count six is dismissed as to May. Plaintiff is instructed to conform the complaint to this ruling and to replead count one within 30 days of this ruling.

SO ORDERED.