Geraldine LYON, Plaintiff,

v.

Virginia JONES, Edward, Reynolds and Office of the Attorney General, Defendants.

No. 3:01–CV–521(JCH).

United States District Court, D. Connecticut.

Oct. 12, 2001.

Norman A. Pattis, Williams & Pattis, New Haven, CT, for plaintiff.

Sharon A. Scully, Attorney General's Office, Employment Rights, Hartford, CT, for defendants.

## RULING ON MOTION TO DISMISS (DKT. NO. 8)

HALL, District Judge.

Plaintiff, Geraldine Lyon ("Lyon"), brings claims against the defendants, Virginia Jones ("Jones"), Edward Reynolds ("Reynolds") and the Office of the Attorney General ("Attorney General") (collectively "defendants"), pursuant to 42 U.S.C. § 1983, 42 U.S.C. §§ 2000e–2 *et seq.* (Title VII), 42 U.S.C. §§ 12111, *et seq.* (the Americans with Disabilities Act of 1990 ("ADA")), 42 U.S.C. §§ 621, *et seq.* (the Age Discrimination in Employment Act of 1967 ("ADEA")) and Sections 46a–58(a), 46a–60(a)(1) and 46a–70(a) of the Connecticut Fair Employment Practices Act ("CFEPA"). The plaintiff alleges that the defendants discriminated against her in her employment on the basis of her sex, age and disability and denied her equal protection under the law. The plaintiff seeks compensatory and punitive damages, attorneys fees and costs, a temporary and permanent injunction, and other fair and equitable relief.

The defendants bring this motion to dismiss as to all the claims on various grounds. Specifically, the defendants argue that the claims against Jones and Reynolds should be dismissed because there was improper service. This improper service, the defendants assert, also serves as the basis for a dismissal for lack of personal jurisdiction. The defendants argue in the alternative that the Title VII, ADA, ADEA claims and the claim under 46a–60(a)(1) of Connecticut General Statutes against Jones and Reynolds should be dismissed on the grounds that individuals cannot be sued under those statutes. In addition, the defendants argue any claim for injunctive relief should be dismissed because state officials sued in their individual capacities are immune from an award of injunctive relief.

The defendants seek dismissal of the Title VII claim against the Attorney General on the grounds that the plaintiff has failed to provide evidence that she exhausted administrative remedies prior to bringing suit. The defendants also seek dismissal of the ADA, ADEA and CFEPA claims against the Attorney General on the grounds that the claims are barred by Eleventh Amendment immunity. The defendants argue that 42 U.S.C. § 1983 claim is also barred by sovereign immunity and that the state is not a "person" for the purposes of that statute. Finally, the defendants argue that all claims under section 46a–58 of the Connecticut General Statutes should be dismissed because there is no private right of action under that statute.

For the reasons stated below, the court GRANTS defendants' motion.

## I. FACTS

In keeping with the standard of review of a motion to dismiss, the court accepts all of the facts alleged in the complaint as true. Lyon was born in 1944 and suffers from Chronic Fatigue Immune Deficiency Syndrome. Lyon was diagnosed with the Syndrome in June of 1995 and one of the effects of the illness is that it leaves her extremely fatigued early in the mornings.

Lyon was hired in 1986 for a secretarial position in the Collections Department of the Office of the Attorney General. She was promoted the following year to the position of Paralegal Specialist I. Begin-

ning in 1991, Lyon began to inquire about a promotion to Paralegal Specialist II, believing that the quality and substance of her work warranted such an advancement. In an effort to receive the promotion, Lyon prepared a formal written package detailing her qualifications and submitted it to the Attorney General. The Chief Administrative Officer responded by scheduling a meeting regarding the promotion request. The meeting was held but the promotion did not take place.

Since she made the formal request for promotion, Lyon claims she has been continually harassed and retaliated against by co-workers and supervisors. Specifically, Lyon was falsely accused of harassing male attorneys. She has also been disciplined for infractions she did not commit and she has been subject to work requirements out of the scope of her position.

Lyon claims that these actions were inspired by malice and have resulted in emotional distress, loss of employment opportunity, and have been committed in violation of her constitutional rights.

## II. DISCUSSION

### A. Service of Process

■ The defendants bring a 12(b)(5) motion challenging the service that was made upon the individual defendants, Jones and Reynolds. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. *Cole v. Aetna Life & Cas.,* 70 F.Supp.2d 106, 109 (D.Conn.1999). "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." *Id.* at 110 (citations omitted).

■ Lyon served Jones and Reynolds by leaving a copy of the summons and the complaint with Gregory D'Auria, the agent for service of process for the Connecticut Attorney General. Under Federal Rule of Civil Procedure 4(e) and (f), a waiver of service can be obtained or service on an individual must be made by personal service, abode service or pursuant to the laws of the state in which the district court is located. In Connecticut, service can be effectuated by personal service or by abode service. Lyon has not demonstrated that there has been a waiver of service in this case.

This court has held that service through the Office of the Attorney General is not sufficient service on state employees who are sued in their individual capacities to be served. *Burgos v. Dep't of Children and Families, et al.,* 83 F.Supp.2d 313, 316 (D.Conn.2000). Here, Jones and Reynolds are sued only in their individual capacities. Complaint (Dkt. No. 1) at ¶ 4–5. The court finds that the service on Jones and Reynolds was not proper as service was not made upon them personally or at their respective residences and, therefore, dismisses all claims brought against these defendants.

■ If Lyon wishes to reserve an amended complaint on these two defendants, she may do so within 45 days of the issuance of this ruling. The court notes if Lyon does effectuate good service, that the complaint served should reflect the alternative grounds for granting, in part, the defendants' motion to dismiss, namely that individuals cannot be sued under Title VII, *Tomka v. Seiler,* 66 F.3d 1295 (2nd Cir. 1995); the ADEA or the ADA, *Wright–Kahn v. People's Bank, Bridgeport,* 2001 WL 902653 *1 (D.Conn.2001); that there is no private cause of action under Conn.Gen. Stat. § 46a–58(a), *Garcia v. Saint Mary's Hosp.,* 46 F.Supp.2d 140, 142 (D.Conn.

1999) (finding that claims under this section can only be pursued through the CCHRO's administrative procedures); and that claims for injunctive relief cannot be sought against defendants sued in their individual capacities. *Marsh v. Kirschner*, 31 F.Supp.2d 79, 80 (D.Conn.1998); *see also, Kentucky v. Graham*, 473 U.S. 159, 167–68, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).[1] The court grants Lyon leave to file and serve such an amended complaint.

## B. Claims Against the Attorney General

### 1. Standard of Review

A motion to dismiss filed pursuant to Rule 12(b)(6) can only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering such a motion, the court must accept the factual allegations in the complaint as true, and all inferences must be drawn in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). A Rule 12(b)(6) motion to dismiss cannot be granted simply because recovery appears remote or unlikely on the face of a complaint. *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* (quotation omit-

ted). "[B]ald assertions and conclusions of law will not suffice to state a claim . . . ." *Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir.2000) (citations omitted).

### 2. Eleventh Amendment Immunity.

■ The Eleventh Amendment provides immunity for states against suits in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Immunity extends to suits brought against a state, its agencies or state officials sued in their official capacities. *See e.g., Regents of the University of California v. Doe*, 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997).

■ A state may be subject to suit in federal court in two ways: (1) Congress can divest a state of immunity through a statutory enactment; or (2) a state may waive its immunity and agree to be sued in federal court. *Close v. New York*, 125 F.3d 31, 39 (2d Cir.1997). The Attorney General is a state agency and is, therefore, covered by the Eleventh Amendment. The Supreme Court has held that suits against states under the ADA and ADEA are barred by the Eleventh Amendment. *Bd. of Tr. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) (holding that Congress overstepped its constitutional authority when divesting states of immunity for claims brought under the ADA and holding that states are protected by immunity for claims brought under these statutes); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 120

---

1. The defendants seek dismissal of the claim brought under Conn.Gen.Stat. § 40a–60(a)(1) against Jones and Reynolds on the grounds that individuals cannot be held liable under that section of the statute. While the court recognizes that the defendants cite precedent from this court to support their motion, *see Hebb v. Conn. Water Co.*, 1999 U.S. Dist. Lexis 14287 (D.Conn.1999), the question of individ-

ual liability has been certified to the Connecticut Supreme Court. *See Perodeau v. City of Hartford*, No. 99cv00807 (AHN) (D.Conn. Nov. 11, 2000) (endorsement granting motion to certify question). Therefore, if Lyon chooses to replead this claim, the court will not grant a new motion to dismiss by the defendants pending the ruling by the Connecticut Supreme Court on this issue.

S.Ct. 631, 145 L.Ed.2d 522 (2000) (same, regarding the ADEA). There has been no argument presented by Lyon that the state has waived immunity for these claims. Therefore, the court grants defendants' motion as to the claims brought against the Attorney General under the ADA and the ADEA on the grounds that the claims are barred by Eleventh Amendment immunity.

Defendants also seek dismissal of the claims brought against the Attorney General under CFEPA on the grounds that these claims are also barred by immunity because the state has not consented to be sued in federal court. Lyon responds that the definition of "employer" under section 46a–51 of the Connecticut General Statutes includes "the state and all political subdivisions thereof ..." Conn.Gen.Stat. § 46a–51(10), and CFEPA provides greater protection than Title VII. Therefore, Lyon argues, Connecticut has consented to suit in federal court.

■■■ "A state's common law sovereign immunity and a state's immunity from suit in federal court under the Eleventh Amendment are separate, but related concepts." *Garris v. Dept. of Corrections,* 2001 WL 359495 at *3 (D.Conn.2001). A state may consent to suit in its own courts without consenting to suit in federal court. *Smith v. Reeves,* 178 U.S. 436, 441–45, 20 S.Ct. 919, 44 L.Ed. 1140 (1900).

■■■ "The Supreme Court has clearly held that a district court may find a waiver of the state's Eleventh Amendment immunity in only the most exacting circumstances." *Garris,* 2001 WL 359495 at *3. The Eleventh Amendment bars suit against a state or its agency in federal court unless "the State's consent [to suit is] unequivocally expressed." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 99, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *see also, Great Northern Life Ins. Co. v. Read,* 322 U.S. 47, 54, 64 S.Ct. 873, 88 L.Ed. 1121 (1944) ("A clear declaration of the state's intention to submit its fiscal problems to other courts than those of its own creation must be found").

■■■ The state has clearly waived immunity to claims brought under CFEPA as to cases brought in the Connecticut state courts. Conn.Gen.Stat. § 46a–99. However, this court has found that there is nothing in the Connecticut General Statutes that constitutes an express waiver of Eleventh Amendment immunity for CFEPA claims. *Garris,* 2001 WL 359495 at *4; *Walker v. Conn.,* 106 F.Supp.2d 364, 370 (D.Conn.2000). Therefore, the court grants the defendants' motion to dismiss as to the CFEPA claims brought against the Attorney General on the grounds that they are barred by Eleventh Amendment Immunity.[2]

■■■ Finally, the defendants seek dismissal of the claim brought against the Attorney General under 42 U.S.C. § 1983 on the grounds that it is barred by immunity. Under 42 U.S.C. § 1983, an individual may bring a claim for damages against a person who, acting under the color of state law, deprived him of a federal right. *Richardson v. McKnight,* 521 U.S. 399, 403, 117 S.Ct. 2100, 138 L.Ed.2d 540 (1997). The Supreme Court has held that a state is not a "person" for the purposes of § 1983 and thus a claim cannot be maintained against a state under that statute.

---

**2.** The court notes that the claim brought under section 46a–58 of the Connecticut General Statutes can be dismissed on the alternative grounds that there is not a private cause of action under that statute. *Garcia v. Saint* *Mary's Hosp.,* 46 F.Supp.2d 140, 142 (D.Conn.1999) (finding that claims under this section can only be pursued through the CCHRO's administrative procedures)

*Will v. Mich. Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). In addition, the Supreme Court has held that states are immune from suit for money damages brought under 42 U.S.C. § 1983. *Quern v. Jordan,* 440 U.S. 332, 340–42, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Therefore, the court grants the defendants' motion as to the claim brought pursuant to § 1983 against the Attorney General on the grounds that the state is not a "person" for the purposes of that statute and the claim are barred by Eleventh Amendment immunity.

3. Title VII

 The defendants seek dismissal of all of the claims brought under Title VII on the grounds that Lyon has failed to satisfy the statutory prerequisites to suit, namely by providing proof of exhaustion of administrative remedies. Lyon argues, in response, that there is no requirement that a "Right to Sue Letter" be produced but has attached a Right to Sue Letter issued by the EEOC as evidence of exhaustion.

 Exhaustion of administrative remedies is a precondition to bringing a Title VII claim. *Francis v. City of New York,* 235 F.3d 763, 768 (2d Cir.2000). Exhaustion through the EEOC remains "an essential element of Title VII's statutory scheme." *Butts v. City of New York Dept. of Housing Preservation and Dev.,* 990 F.2d 1397, 1401 (2d Cir.1993). The defendants in a Title VII case are entitled to insist that plaintiffs comply with the exhaustion requirement. *Francis,* 235 F.3d at 768. Here, the defendants have offered a timely objection to Lyon's failure to exhaust, so the court finds that the precondition of exhaustion has not been waived.

Lyon has provided a Right to Sue Letter as evidence of exhaustion. The court first notes that the Letter was issued more than a month after Lyon filed suit. The court does not reach the issue of whether that has bearing on the exhaustion requirement, however, because the Right to Sue Letter pertains only to claims filed under Title I and Title V. There is no evidence that this Right to Sue Letter encompasses Lyon's Title VII claims. Therefore, the court grants defendants' motion as to all claims brought under Title VII on the grounds that Lyon failed to meet the precondition of exhaustion of administrative remedies.

## III. CONCLUSION

The court grants defendants' motion to dismiss (Dkt. No. 8). Specifically, the court dismisses all claims brought against the individually named defendants on the grounds that there was not proper service on these defendants. The court has granted the plaintiff leave to serve an amended complaint, consistent with this Ruling, on these two defendants within 45 days of the issuance of this ruling. The court grants defendants' motion as to the claims brought against the Attorney General under the ADA, ADEA, and CFEPA on the grounds that the claims are barred by Eleventh Amendment immunity. The court grants defendants' motion as to the claim brought under 42 U.S.C. § 1983 against the Attorney General on the grounds that the state is not a person and is not, therefore, subject to suit under that statute and the claim is barred by immunity. Finally, the court grants the defendants' motion as to the Title VII claims brought against the Attorney General on the grounds that the plaintiff has failed to exhaust her administrative remedies.

If the plaintiff fails to provide evidence of proper service within 30 days of this ruling, the case will be closed.

**SO ORDERED**