Gleniss S. SCHONHOLZ, Plaintiff,

v.

**LONG ISLAND JEWISH MEDICAL CENTER, Irving Schneider, Elihu Modlin, Leonard Nadel, Stanley Grey, Michael Feldman and Irving Wharton, John and Jane Does 1–15, Defendant.**

No. 93 CV 2549 JRB.

United States District Court,
E.D. New York.

Feb. 22, 1994.

Anthony M. Radice, Morrison & Foerster, New York City, for plaintiff.

Charles C. Moerdler, Albert M. Appel, Strook & Strook & Lavan, New York City, for defendant.

## MEMORANDUM AND ORDER

BARTELS, District Judge.

Plaintiff brings this action pursuant to the Employee Retirement Income Security Act ["ERISA"], 29 U.S.C. § 1132(a)(1)(B), to recover benefits owed under her former employer's severance benefit plan. Defendants have moved to dismiss under Federal Rule of Civil Procedure ["Rule"] 12(b)(6) for failure to state a claim upon which relief may be granted. In addition, plaintiff and defendants have each cross-moved for Rule 11 sanctions. For reasons more fully explained herein, defendants' motion to dismiss is granted in part and denied in part, and the cross-motions for sanctions are denied.

## FACTS

Plaintiff Gleniss Schonholz was employed by Long Island Jewish Medical Center ["LIJ"] as Chief Operating Officer. On May 3, 1991 LIJ implemented a severance pay program for senior management personnel who would be involuntarily terminated or removed from their positions. By letter dated December 18, 1992, LIJ's President and Chief Executive Officer, Dr. Robert K. Match, requested that plaintiff submit her resignation effective April 1, 1993. Dr. Match indicated in his letter that the request for plaintiff's resignation was due to a change in hospital management, and was in no way related to her job performance. Further, Dr. Match's letter explicitly stated that plaintiff would be eligible for benefits under the May 3, 1991 severance pay program.

On December 22, 1992, plaintiff submitted her resignation effective April 1, 1993. It is undisputed that LIJ has not paid plaintiff severance benefits under the May 3, 1991 program. Plaintiff claims that ERISA guarantees her the right to payment under the severance pay program, and that defendants are estopped from denying her benefits based on Dr. Match's representations. However, defendants argue that ERISA permitted them to amend or terminate the sever-

ance program, and that plaintiff has not properly stated a claim of estoppel.

## DISCUSSION

### I. STANDARD OF REVIEW

 The court may grant a motion to dismiss pursuant to Rule 12(b)(6) only where it is beyond doubt that the plaintiff cannot prove any set of facts supporting entitlement to relief. *H.J. Inc., v. Northwestern Bell Telephone Company,* 492 U.S. 229, 249–50, 109 S.Ct. 2893, 2905–06, 106 L.Ed.2d 195 (1989); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In deciding the motion, the court must accept as true the material facts alleged in the complaint, *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991), and must construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

 In addition, the court is not permitted to consider factual matters submitted outside of the complaint unless the parties are given notice that the motion to dismiss is being converted to a motion for summary judgment under Rule 56 and are afforded an opportunity to submit additional affidavits. *See Festa v. Local 3 International Brotherhood of Electrical Workers,* 905 F.2d 35, 38 (2d Cir.1990) ("this provision ... is mandatory with respect to motions pursuant to Rule 12(b)(6)"); *Wiener v. Napoli,* 760 F.Supp. 278, 282 (E.D.N.Y.1991). In this case, plaintiff has submitted her own affidavit, sworn to September 2, 1993, in opposition to the motion to dismiss, and the affidavit of Dr. Robert K. Match, sworn to October 22, 1993, in sur-reply to the motion to dismiss. Similarly, defendants have made factual representations in their memoranda of law in an effort to refute the allegations of the complaint. However, since the parties have not had an opportunity to submit all of the pertinent material for a summary judgment motion[1], the court will not consider these affidavits and additional factual material in assessing the sufficiency of the complaint.

---

1. Moreover, the court declines to convert this motion to dismiss to a Rule 56 motion because significant factual discovery which would make this case ripe for a summary judgment motion has yet to be completed.

## II. COUNT ONE—ERISA

It is well settled that severance pay policies are employee welfare plans governed by ERISA. *See Bradwell v. GAF Corp.*, 954 F.2d 798, 800 n. 1 (2d Cir.1992); *Garrett v. Veterans Memorial Medical Center*, 821 F.Supp. 838, 840 (D.Conn.1993). Further, under ERISA, severance benefits are not vested; an employer has the right to amend or eliminate a severance pay plan at any time. *See Landy Michaels Realty Corp. v. Local 32B–32J, Service Employees International Union*, 954 F.2d 794, 801 (2d Cir. 1992); *Reichelt v. Emhart Corp.*, 921 F.2d 425, 430 (2d Cir.1990) (citing cases), *cert. denied*, 501 U.S. 1231, 111 S.Ct. 2854, 115 L.Ed.2d 1022 (1991). Accordingly, plaintiff may only recover benefits under ERISA § 1132(a)(1)(B) pursuant to the May 3, 1991 severance pay program if this plan was in effect at the time her employment with LIJ terminated.

According to the complaint, plaintiff was employed by LIJ until April 1, 1993. *See ¶ 9.* Although plaintiff argues that she was "terminated" by LIJ in December 1992 when Dr. Match requested her resignation, the severance pay program clearly contemplates the payment of benefits only after the cessation of regular employment. Plaintiff further alleges that defendants revoked the severance pay program "after the termination of plaintiff's employment". *See ¶ 15.* In their reply memorandum of law in support of the motion to dismiss, defendants claim that the May 3, 1991 severance pay program was revoked at a meeting of LIJ's Board of Trustees held on March 23, 1993, *prior* to the termination of plaintiff's employment. However, the court is not permitted to consider factual matters outside of the complaint in deciding a motion to dismiss. Plaintiff alleges that she has not been paid benefits according to the severance pay program in effect at the time her employment terminated; these allegations are sufficient to state a claim under ERISA and therefore to withstand a motion to dismiss.

Moreover, ERISA requires every employee benefit plan to be established and maintained pursuant to a written instrument. 29 U.S.C. § 1102. An employee benefit plan cannot be unilaterally amended or superseded by an employer by oral modification. *See Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155, 1163–64 (3d Cir.1990) (citing cases); *Adler v. Aztech Chas P. Young Co.*, 807 F.Supp. 1068, 1071 (S.D.N.Y.1992). *See also Moore v. Metropolitan Life Insurance Co.*, 856 F.2d 488, 492 (2d Cir.1988). There is no allegation in the complaint that defendants revoked the severance pay program in writing. Therefore, defendants' alleged revocation of the May 3, 1991 severance pay program would not have been effective to deprive plaintiff of her benefits if the revocation was not reduced to writing prior to the termination of plaintiff's employment.

For all of the foregoing reasons, defendants' motion to dismiss plaintiff's first cause of action under ERISA is denied.

## III. COUNT TWO—PROMISSORY ESTOPPEL

Plaintiff's second cause of action alleges that defendants are estopped from denying her severance benefits because Dr. Match's letter seeking plaintiff's resignation explicitly stated that she would receive benefits under the May 3, 1991 severance pay program. The Second Circuit has held that estoppel principles can apply in ERISA cases under "extraordinary circumstances". *See Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir.1993). In order to state a claim for promissory estoppel, plaintiff must allege: (1) a material misrepresentation, (2) reliance, and (3) damages. *Id.*

The complaint in this case alleges damage to plaintiff in the amount of the benefits she would have received under the severance pay program. The complaint also alleges a material misrepresentation by Dr. Match on behalf of LIJ. Defendants argue that Dr. Match's letter promised plaintiff no more than the benefits provided under LIJ's severance policy in effect on the date her employment terminated. The court disagrees. Dr. Match's letter states, in relevant part:

> "the terms of [plaintiff's] severance will be governed by the LIJ Medical Center personnel policies applicable to members of

the President's Council, *including the Severance Pay Program dated May 3, 1991.* At your option, the initial twelve months of severance pay may be taken in one lump-sum payment on the day of your termination or bi-weekly over the twelve months after your termination."

Dr. Match's letter is unambiguous in referring to the May 3, 1991 severance pay program. In addition, the letter goes on to explicitly describe the benefits plaintiff would receive under that program. Therefore, the court finds that Dr. Match's letter constitutes an alleged material misrepresentation for purposes of a motion to dismiss. Accordingly, plaintiff has sufficiently plead the first and third elements of her estoppel claim.

However, the complaint fails to allege the second element of estoppel, actual reliance. Plaintiff does not allege that she resigned relying on the fact that she would receive severance benefits; she states instead that she resigned upon the request of LIJ in connection with a change in hospital administration. Nor does the complaint describe any other actions taken by plaintiff in reliance on Dr. Match's statements. Accordingly, defendants' motion to dismiss plaintiff's second cause of action is granted without prejudice, and plaintiff is granted leave to amend the complaint and replead her estoppel claim.

## IV. CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

■ Plaintiff brings suit against defendants Irving Schneider, Leonard Nadel, Stanley Grey, Michael Feldman and Irving Wharton, members of LIJ's Board of Trustee's Compensation Committee, and defendant Elihu Modlin, a member of the Board's Legal Committee, alleging that they breached fiduciary duties as administrators of LIJ's severance plan. However, the complaint fails to allege specific facts which, if proven, would constitute a breach of fiduciary duty on the part of any of the defendants. Plaintiff's general allegations that these defendants "were responsible for the decision not to pay any severance benefits to plaintiff and for the attempt to revoke LIJ's severance benefit plan retroactively" are insufficient to state a cause of action against any individual defendant.

Moreover, the Supreme Court has held that the fiduciary duties imposed by ERISA on plan administrators run only to the plan itself, not individual beneficiaries. *Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 144, 105 S.Ct. 3085, 3091, 87 L.Ed.2d 96 (1985). *See also Lee v. Burkhart,* 991 F.2d at 1009; *Donnelly v. Bank of New York Company, Inc.,* 801 F.Supp. 1247, 1253–54 (S.D.N.Y.1992). Plaintiff argues that the individual defendants are proper parties to this action, citing *Hozier v. Midwest Fasteners, Inc.,* 908 F.2d 1155 (3d Cir. 1990). Although *Hozier* holds that plan administrators owe a fiduciary duty to plan participants, the Third Circuit specifically recognized that any liability accrues to the benefit of the plan only, not participants seeking to recover damages in their individual capacities. 908 F.2d at 1162 n. 7.

Accordingly, defendants' motion to dismiss the complaint against the individual defendants is granted, with prejudice. Plaintiff will not be granted leave to file an amended complaint against the individual defendants as such filing would be futile. *See, e.g., Kaster v. Modification Systems, Inc.,* 731 F.2d 1014, 1018 (2d Cir.1984); *Jenkins v. Sea–Land Service, Inc.,* 1993 WL 322785 at *4–5, 1993 U.S.Dist. LEXIS 11580 at *15 (S.D.N.Y. August 19, 1993).

## V. CLAIM FOR PUNITIVE DAMAGES

■ In *Massachusetts Mutual Life Insurance Co. v. Russell,* the Supreme Court held that extra-contractual compensatory or punitive damages are not available in an action for breach of fiduciary duty under § 409 of ERISA, 29 U.S.C. § 1109. 473 U.S. at 147–48, 105 S.Ct. at 3092–93. Although the Supreme Court declined to determine the availability of punitive damages under other sections of ERISA and the Second Circuit has not yet addressed the issue, virtually every court to face the question has decided that punitive damages are not available under ERISA. *See McRae v. Seafarers' Welfare Plan,* 920 F.2d 819, 821 (11th Cir.1991); *Reinking v. Philadelphia American Life Insurance Co.,* 910 F.2d 1210, 1219–20 (4th

Cir.1990); *Pane v. RCA Corporation*, 868 F.2d 631, 635 n. 2 (3d Cir.1989); *Drinkwater v. Metropolitan Life Insurance Co.*, 846 F.2d 821, 825 (1st Cir.), *cert. denied*, 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988); *Sage v. Automation, Inc. Pension Plan and Trust*, 845 F.2d 885, 888 n. 2 (10th Cir.1988); *Varhola v. Doe*, 820 F.2d 809, 817 (6th Cir. 1987); *Sokol v. Bernstein*, 803 F.2d 532, 534 (9th Cir.1986) (damages for emotional distress); *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc.*, 793 F.2d 1456, 1464–65 (5th Cir. 1986), *cert. denied*, 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987); *Swanson v. U.A. Local 13 Pension Plan*, 779 F.Supp. 690, 700 n. 4 (W.D.N.Y.), *aff'd*, 953 F.2d 636 (2d Cir. 1991); *Lawford v. New York Life Insurance Co.*, 739 F.Supp. 906, 914 (S.D.N.Y.1990); *Giuntoli v. Garvin Guybutler Corp.*, 726 F.Supp. 494, 509–10 (S.D.N.Y.1989). *But see Reeves v. Continental Equities Corporation of America*, 767 F.Supp. 469, 474 (S.D.N.Y. 1991) (declining to strike plaintiff's claim for punitive damages on a motion to dismiss).

In light of the overwhelming weight of authority supporting defendants' position that punitive damages are not available to plaintiff, the motion to dismiss the punitive damages claims is granted with prejudice.

## VI. RULE 11

▮ The Federal Rules place an affirmative obligation on parties and their counsel to make an objectively reasonable inquiry into the facts and the law and not to conduct a lawsuit for an improper purpose. *See* Rule 11; *Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1470 (2d Cir.1988), *rev'd on other grounds sub nom. Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989). The "key to Rule 11 lies in the certification flowing from the signature to a pleading, motion, or other paper in a lawsuit." *Oliveri v. Thompson*, 803 F.2d 1265, 1274 (2d Cir.1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). *See also Coltrade International, Inc. v. United States*, 973 F.2d 128, 131 (2d Cir.1992). Accordingly, sanctions may not be imposed based on broad findings of bad faith or frivo-

lous litigation; rather, the court must identify particular papers certified to a federal court by specific individuals. *Id.; McMahon v. Shearson/American Express, Inc.*, 896 F.2d 17, 22 (2d Cir.1990).

▮ When Rule 11 is violated, the court must impose sanctions. *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985), *modified*, 821 F.2d 121 (2d Cir.), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987); *Mars v. Anderman*, 136 F.R.D. 351, 353 (E.D.N.Y.1989). However, the court should resolve all doubts in favor of the signer and avoid using hindsight. *Oliveri v. Thompson*, 803 F.2d at 1275. The standard under Rule 11 is an objective test, based on what a reasonably competent attorney would believe under the circumstances, consistent with minimal standards of professional competence. *Greenberg v. Hilton International, Co.*, 870 F.2d 926, 934 (2d Cir.1989); *Krauss v. Bowen*, 738 F.Supp. 648, 653 (E.D.N.Y.1990).

▮ Defendants argue that plaintiff violated Rule 11 by submitting a sur-reply in opposition to the motion to dismiss, and by asserting factual matters beyond the scope of the complaint. The filing of a sur-reply, while not explicitly authorized by the Federal or Local Rules, does not in itself constitute a failure to inquire into the facts or law. In addition, defendants are equally guilty of injecting into the motion to dismiss factual matters outside of the complaint allegations.

On the other side, plaintiff claims defendants are liable for sanctions based on counsel's frivolous and unsworn allegations of fraud and misuse of Rule 11. The court is inclined to agree that defendants' allegations regarding a concealed scheme by Dr. Match to raid the hospital's strained coffers for the benefit of his intimate friends appear to be lacking in factual support. However, although these statements come dangerously close to a Rule 11 violation, the court has resolved all doubts in favor of defendants and declines to impose sanctions at this time.

### CONCLUSION

For all of the foregoing reasons, defendants' motion to dismiss is GRANTED in

part and DENIED in part. The motion to dismiss plaintiff's first cause of action under ERISA is DENIED. The motion to dismiss plaintiff's second cause of action based on estoppel is GRANTED, with leave to amend. The motion to dismiss plaintiff's claims against the individual defendants and for punitive damages is GRANTED with prejudice. The cross-motions for Rule 11 sanctions are DENIED.

SO ORDERED.